**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **NORMAN IP HOLDINGS, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION No. 6:13-cv-278-JDL** |
| | § | CONSOLIDATED WITH 6:13CV285 |
| **CHRYSLER GROUP LLC, ET AL.,** | § | |
| | § | |
| **Defendants.** | § | |

**ORDER**

Before the Court is Defendant Nissan North America, Inc.'s ("Nissan") Emergency Motion to stay fact and expert discovery pending *inter partes* review ("IPR") of U.S. Patent Nos. 5,530,597 ("'597 patent) and 5,502,689 ("'689 patent) (collectively, the "Asserted Patents") and *ex parte* reexamination of the '689 patent. ("MOTION")(Doc. No. 278). Plaintiff Norman IP Holdings, LLC ("Norman") filed a Response ("RESPONSE") (Doc. No. 280). On October 7, 2014, the Court held a hearing on the Motion. Having fully considered the parties' arguments and for the reasons set forth herein, the Court **GRANTS** Defendant's Motion to stay fact and expert discovery pending the initial determination of IPR involving claim 6 of the '597 patent.

**BACKGROUND**

Nissan moves the Court to stay discovery in the present litigation to allow the U.S. Patent and Trademark Office ("PTO") to conclude *ex parte* reexamination and IPR of the Asserted Patents. Norman asserted claims in the '597, '689, and '873 patents against Nissan. In 2012 Volkswagen AG initiated *ex parte* reexamination proceedings on various claims for each of the Asserted Patents. The current status of the asserted claims of the patents-in-suit is as follows.

o   Volkswagen requested reexamination of claims 1-6, 10, and 11.   Claim 6 was confirmed, and the remaining claims were invalidated and canceled by the PTO.

o   For the '689 Patent, Volkswagen requested reexamination of claims 5, 6, and 9.   On April 30, 2014 the PTO issued a final rejection of those claims.   Norman appealed the rejections.

o   On August 12, 2014 the PTO canceled all of the asserted claims of the '873 Patent.

o   On September 23, 2014 the PTAB granted Nissan's petition for IPR of the asserted claims in the '689 and '597 patents.

|  | Asserted Claims | Status of Claims Subject to Reexamination | IPR Petition Granted |
|---|---|---|---|
| '597 Patent | 1-6, 10, 11 | Canceled: 1-5, 10, 11 Confirmed: 6 | 6 |
| '689 Patent | 5, 6 | Final Rejection: 5, 6 | 5, 6 |
| '873 Patent | 1, 2, 8, 13, 14, 15, 20 | Canceled: 1, 2, 8, 13, 14, 15, 20 | |

## LEGAL STANDARD

"Courts have the inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination."   *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988).   The party seeking a stay bears the burden of showing that such a course is appropriate.   *See Landis v. N. Am. Co*., 299 U.S. 248, 255, 57 S.Ct. 163, 81 L.Ed. 153 (1936).   A stay pending an administrative proceeding is not automatic; rather,

it must be based upon the circumstances of the individual case before the court.  *See, e.g.,* *Datatreasury Corp. v. Wells Fargo & Co.*, 490 F.Supp.2d 749, 755 (E.D. Tex. 2006).  While the case law states several general considerations that are helpful in determining whether to order a stay, ultimately the Court must decide stay requests on a case-by-case basis.  *Comcast Cable Commc'ns Corp., LLC v. Finisar Corp.*, No. 06–cv–04206–WHA, 2007 WL 1052883, at * 1 (N.D. Cal. Apr. 5, 2007) ("From a case management perspective, the possible benefits must be weighed in each instance against the possible drawbacks.").

Though a stay is never required, it may be "particularly justified where the outcome of the [administrative proceeding] would be likely to assist the court in determining patent validity and, if the claims were canceled in the [administrative proceeding], would eliminate the need to try the infringement issue." *In re Cygnus Telecomms. Tech., LLC, Patent Litig.*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005) (citing *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983)).  Indeed, "an auxiliary function [of the proceeding] is to free the court from any need to consider prior art without the benefit of the PTO's initial consideration." *In re Etter*, 756 F.2d 852, 857 (Fed. Cir. 1985).

In deciding whether to stay a given action, courts frequently consider three factors: (1) whether the stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. *Soverain*, 356 F. Supp. 2d at 662.

## DISCUSSION

### I.  Undue Prejudice to Norman

Norman argues that it would be unduly prejudiced by a stay at this stage in litigation because the potential for the PTO extending the IPR timeline by six months and the likely appeal following a PTO determination "will result in a multi-year delay." RESPONSE at 4. Norman notes that such a delay will prejudice the Plaintiff by denying it the effective enforcement of its patent rights.   Furthermore, Norman argues that evidence may be lost, witnesses may become unavailable, memories will fade, and Norman's experts "may be unavailable in the future" because "[i]f they are not continuously employed, they will likely move to another employer . . . and may be unavailable to Norman." *Id.* at 6.  Nissan counters that a stay would benefit both parties by allowing them to "focus their resources on only the claims that have been confirmed to be valid."  MOTION at 7.  Nissan argues that this factor weighs in favor of a stay because the administrative proceedings have the potential to benefit both parties.  Nissan points out that third party discovery, which will comprise the bulk of discovery in this case, has not yet begun. Allowing reexamination and IPR to clarify or obviate issues before this costly stage of discovery begins will conserve the time and resources of both parties.

In this case, the first factor is neutral.  The Court is mindful of Norman's recognized interest in the timely enforcement of its patent rights.  *Unifi Scientific Batteries, LLC v. Sony Mobile Commc'ns AB*, No. 6:12-cv-00224-JDL, slip op. at 4 (E.D. Tex. Jan. 14, 2014); *Ambato Media, LLC v. Clarion Co., Ltd,* 2:09-cv-242, 2012 WL 194172, at *1 (E.D. Tex. Jan. 23, 2012); *Voltstar Technologies, Inc. v. Superior Commc'ns, Inc.,* 2:12-cv-00082, 2013 WL 4511290, at *2 (E.D. Tex. Aug. 22, 2013).  However, Defendant's argument that staying the proceeding would benefit both parties is convincing.  At the time the motion was filed the USPTO had already

4

issued a final rejection a number of the asserted claims and all the asserted claims are currently undergoing reexamination or the PTO has granted petitions for *inter partes* review. Furthermore, while the reexamination proceeding has the potential for a lengthy delay, the IPR proceeding has statutorily imposed deadlines.  Limiting the stay to the culmination of the IPR proceedings will ensure that the delay is minimal while still allowing for the benefit of the PTO's review.  As such, while a stay will result in some prejudice in the form of delaying a decision on Norman's patent rights, that prejudice is offset by the benefit conferred on both parties by streamlining the discovery process.

## II.  Simplification of the Issues

The second factor, whether a stay would simplify the issues in this case, weighs in favor of a stay.  Nissan argues that staying the litigation pending IPR and reexamination of the patents-in-suit could narrow the issues before the court, and – particularly with regard to the third party defendants – prevent duplicative or unnecessary discovery.  Norman contends that staying the litigation will not simplify the case because of the narrow range of issues that IPRs can address. Norman notes that IPRs may only address patentability claims under §§102 and 103 based only on "patents or printed publications."  Nissan will still be able to raise a number of common defenses, some invalidity arguments, and issues of infringement and damages.  Norman also argues that because claim 6 of the '597 patent was confirmed in reexamination, there will likely be no simplification of issues regarding that claim.

Norman's argument regarding the scope of the IPR "conflates simplification of the issues with total resolution of the case." *E-Watch, Inc. v. Lorex Canada, Inc., Civ A No. H-12-3314, 2013 WL 545298*, at *2 (S.D. Tex. Sept. 26, 2013)).  While mindful of the remaining invalidity defenses and counterclaims, the PTAB's determination of the validity of all of the remaining

5

asserted claims in the '689 and '597 patents under §§ 102 and 103 will potentially simplify and streamline the issues in the case.  Furthermore, while the confirmation of claim 6 of the '597 patent supports the validity of the patent, the potential for invalidation was reopened when the petition for IPR was granted.  Finally, Nissan will be estopped from asserting "that the claim is invalid on any ground that the petition raised or reasonably could have raised during the inter partes review."  35 U.S.C. § 315(e)(2).  Accordingly, the second factor weighs in favor of a stay.

### III. Status of the Case

The third factor, whether discovery is complete and whether a trial date has been set, weighs in favor of a stay.  The present litigation began over a year ago, the parties' claim construction positions have been submitted, *Markman* hearing was held on May 29, 2014, and a trial date has been set for February 8, 2016.  However, Nissan argues that the circumstances of this case are unique because the "issues of infringement will depend heavily, (if not exclusively) on third party document and discovery, which has not yet begun."  "Norman's infringement allegations stem from the use of infringing microprocessors in various third party vehicle parts, which are then incorporated into Nissan's vehicle.  The vehicle parts are sold to Nissan as a black box."  Nissan argues that this factor weighs in favor of a stay because third party discovery, which will comprise the majority of discovery in this case, has not yet begun, and will need to begin shortly in the absence of a stay.  Norman does not contest the importance or extent of the third party discovery, but argues that the Court has set a trial date and the case is sufficiently advanced to deny a stay.

"Courts regularly deny stay requests when, as here, the litigation has progressed significantly toward trial." *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1031 (C.D. Cal. 2013). However, "[a] case need not be in its infancy to warrant a stay. Courts often find

the stage of litigation weighs in favor of a stay if there remains a significant amount of work ahead for the parties and the court, even when the parties and/or the court have already devoted substantial resources to the litigation." *Destination Maternity Corp. v. Target Corp.*, No. Civ.A. No. 12-5680, 2014 WL 1202941, at *6 (E.D. Pa. Mar. 24, 2014).  This case would ordinarily be too advanced to merit a stay.  However, in this circumstance, the parties and the Court are afforded the opportunity to avoid burdening third parties with potentially needless discovery. Given the importance of the third party discovery and the fact that it has yet to begin, this factor weighs in favor of a stay.

### ORDER

For the above reasons, Nissan's motion to stay the case (Doc. No. 278) is **GRANTED** pending the completion of the initial IPR proceeding as to claim 6 of the '597 patent filed by Nissan.  As such, this action is **STAYED** and administratively **CLOSED** until the PTO has issued its final decisions on the *inter partes* review of claim 6 of the '597 Patent.

The Court **ORDERS** the parties to file a status report within ten days of issuance of the IPR decision of claim 6 of the '597 Patent.  The parties may either file an agreed upon status report or individual motions which inform the court of the ruling of the IPR and how the parties would like to proceed with the case.

**So ORDERED and SIGNED this 8th day of October, 2014.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE